11-4248-cv(L)
NML Capital, Ltd. v. Republic of Argentina, et al.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of September, two thousand twelve.

PRESENT: BARRINGTON D. PARKER,
         RICHARD C. WESLEY,
                  *Circuit Judges*
         JOHN GLEESON,[*]
                  *District Judge.*

---

| | |
|---|---|
| NML CAPITAL, LTD., | 11-4248-cv (L) |
| | 11-4250-cv (Con) |
| *Plaintiff-Appellant*, | 11-4252-cv (Con) |
| | 11-4257-cv (Con) |
| v. | 11-4272-cv (Con) |
| | 11-4273-cv (Con) |
| THE REPUBLIC OF ARGENTINA, | 11-4280-cv (Con) |
| | 11-4281-cv (Con) |
| *Defendant-Appellee* | 11-4284-cv (Con) |
| | 11-4285-cv (Con) |
| | 11-4286-cv (Con) |
| EMPRESA ARGENTINA DE SOLUCIONES SATELITALES, S.A. | |
| *Interested Non-Party-Appellee* | |

---

[*] Judge John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLANT: MATTHEW D. MCGILL, Gibson, Dunn & Crutcher LLP, Washington D.C. (Theodore B. Olson, Gibson, Dunn & Crutcher, Washington D.C.; Robert A. Cohen, Dennis H. Hranitzky, Eric C. Kirsh, Dechert LLP, New York, NY, *on the brief*).

FOR APPELLEE: JONATHAN I. BLACKMAN (Carmine Boccuzzi, *on the brief*), Cleary Gottlieb Steen & Hamilton LLP, New York, NY.

FOR INTERESTED NON-PARTY-APPELLEE: STEVEN M. HECHT, (Kevin M. Brennan, *on the brief*), Lowenstein Sandler PC, New York, NY.

---

Appeal from the United States District Court for the Southern District of New York (Griesa *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that this appeal is **DISMISSED** as **MOOT** and the judgment of the United States District Court for the Southern District of New York is **VACATED**. The case is **REMANDED** to the district court with directions to **DISMISS** NML's motion to confirm and the Republic's and AR-SAT's cross-motion to vacate the attachment.

Plaintiff-Appellant NML Capital, Ltd ("NML") appeals from the opinion of the United States District Court for the Southern District of New York (Griesa, *J.*), denying NML's motion for confirmation of an order of attachment and granting the cross-motion of Defendant-Appellee Republic of

2

Argentina ("Republic") and Interested Non-Party-Appellee Empresa Argentina de Soluciones Satelitales, S.A. ("AR-SAT") to vacate the attachment.  NML moved for reconsideration, and the district court ordered a hearing on the motion. Prior to that hearing, the property was removed from the country.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

An appeal becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam) (internal quotation marks omitted). Mootness defeats subject matter jurisdiction, and thus is a defect that cannot be waived.  *Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994).  Here, the property that NML sought to attach is no longer attachable; it was removed from the country.  Accordingly, this case no longer "admit[s] of specific relief through a decree of a conclusive character."  *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (internal quotation marks omitted).  In the words of the district court at oral argument on NML's motion for reconsideration, "the relief which might be granted would be

the reinstatement of the attachment, but now there is nothing to attach." (JA 1591.)  Because NML cannot get any specific relief from this appeal, the case is moot and this Court lacks jurisdiction to address its merits.  Any decision from this Court as to the underlying merits of the attachment would amount to nothing more than an advisory opinion.

The standard disposition when a federal civil case becomes moot while on appeal is to vacate the judgment of the district court and remand with a direction to dismiss the case.  *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 22 (1994); *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 & n.2 (1950).  "The rationale is that a judgment from which litigants have the right of appeal should not be accorded preclusive effect when events beyond their control prevent them from exercising that right." *Penguin Books USA Inc. v. Walsh*, 929 F.2d 69, 73 (2d Cir. 1991).  This is especially true when the winning party below voluntarily moots the case.  *See id.*  Indeed, "when actions of winning litigants serve to deny their adversaries the opportunity to appeal[,] . . . it may amount to an abuse of discretion not to vacate the lower court order."  *Id.*  In

4

other words, "vacatur must be granted where mootness results from the unilateral action of the party who prevailed in the lower court."  *U.S. Bancorp*, 513 U.S. at 23.  "Were it otherwise, appellees could deliberately moot cases on appeal, thereby shielding erroneous decisions from reversal.  Approval of such a strategy would render the bizarre result that judgments mooted on appeal would have greater preclusive effect than cases susceptible to review."  *Penguin Books,* 929 F.2d at 73 (internal citations omitted).  Because AR-SAT mooted this case pending appeal by intentionally removing from the country the satellite parts sought to be attached, the appropriate disposition is to vacate the district court's judgment and remand with instructions to dismiss the case.

AR-SAT and the Republic attempt to avoid this result on three grounds.  First, they contend that this case fits within the narrow "capable of repetition, yet evading review" exception to the mootness doctrine.  We disagree.  The challenged action in this case is not inherently too short in duration to permit review.  *See, e.g.*, *Fox*, 42 F.3d at 143.  Even if AR-SAT satisfied the "capable of repetition" prong by showing a "demonstrated probability

5

that the same controversy will recur involving the same complaining party," *Murphy*, 455 U.S. at 482 (internal quotation marks omitted), the attachment action would evade review only to the extent that AR-SAT again voluntarily removed the subject property from the jurisdiction.  This is not an intrinsic limit on the duration of the live controversy.

Second, AR-SAT and the Republic argue that NML has waived its right to vacatur by failing to seek a stay of the district court's order pending reconsideration and appeal.  This argument is misplaced.  The Supreme Court has recognized that vacatur is not justified where "the party seeking relief from the judgment below caused the mootness by voluntary action."  *U.S. Bancorp*, 513 U.S. at 24.  For example, when a losing party settles with its adversary before the resolution of the appeal, it has "voluntarily forfeited [its] legal remedy . . . of appeal."  *Id.* at 25.  In such a situation, the party "surrender[s] [its] claim to the equitable remedy of vacatur" because "[t]he judgment is not unreviewable, but simply unreviewed by [its] own choice."  *Id.*

AR-SAT and the Republic urge the Court to conclude that NML surrendered its claim to vacatur because it voluntarily forfeited its right to appeal by failing to seek a stay of the district court's order pending appeal. This is not the kind of voluntary forfeiture the Supreme Court had in mind.

NML has continuously pursued its rights in this case by timely appealing and timely moving for reconsideration of the district court's order. The voluntary action that prevented review on appeal was AR-SAT's removal of the property-not NML's failure to seek a stay to prevent AR-SAT from removing the property. While courts have recognized that a party waives its right to vacatur for failing to appeal or to follow statutory obligations in pursuit of an appeal, *see U.S. Bancorp*, 513 U.S. at 24-25; *Mahoney v. Babbitt*, 113 F.3d 219, 221-22 (D.C. Cir. 1997); *In re Motors Liquidation Co.*, No. 09-CIV-7794, 2010 WL 3565494, at *2-3 (S.D.N.Y. Sept. 10, 2010), this Court has never held that a party forfeits its right to vacatur of an order simply by failing to file a motion to stay the effect of that order while timely pursuing reconsideration and appeal.

Finally, AR-SAT and the Republic ask us to affirm the order of the district court because the order still has

7

great "practical significance" and AR-SAT would like to "invoke the court's decision in the future."  This argument highlights the very reason why vacatur is the appropriate result in this case.  Only final judgments are accorded preclusive effect.  *Arizona v. California*, 530 U.S. 392, 414 (2000), *supplemented*, 531 U.S. 1 (2000).  Where a party is frustrated from seeking review of an adverse ruling, that party "ought not in fairness be forced to acquiesce in the judgment."  *U.S. v. Bancorp*, 513 U.S. at 25.  Vacating the judgment below properly "clears the path for future relitigation of the issues between the parties." *Munsingwear*, 340 U.S. at 40.

Accordingly, because the voluntary actions of the winning party below have prevented this Court from reviewing the merits of the district court's decision, vacatur of the lower court's judgment is the appropriate remedy in this case.

We have considered the Republic and AR-SAT's remaining arguments and, after a thorough review of the record, find them to be without merit.

For the foregoing reasons, the appeal is **DISMISSED** as **MOOT**, and the district court judgment is hereby **VACATED**.

The case is **REMANDED** to the district court with directions

to **DISMISS** NML's motion to confirm and the Republic's and

AR-SAT's cross-motion to vacate the attachment.

                                FOR THE COURT:
                                Catherine O'Hagan Wolfe, Clerk